UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ODEMARIS OCASIO,<br>Plaintiff<br><br>v.<br><br>SIX FLAGS GREAT ESCAPE, L.P. d/b/a<br>SIX FLAGS GREAT ESCAPE LODGE<br>& INDOOR WATERPARK,<br>Defendant | Case Number: 21-30073 |

## COMPLAINT AND DEMAND FOR A TRIAL BY JURY

### INTRODUCTION

HERE COMES THE PLAINTIFF, ODEMARIS OCASIO, and brings this *Complaint and Demand for a Trial by Jury* to address her claims against the DEFENDANT, SIX FLAGS GREAT ESCAPE, L.P. D/B/A SIX FLAGS GREAT ESCAPE LODGE & INDOOR WATERPARK.

### IDENTIFICATION OF THE PARTIES

1. The Plaintiff, Odemaris Ocasio (herein "Plaintiff"), is an individual residing at 92 Pine Grove Street, Springfield, Hampden County, Massachusetts 01119.

2. The Defendant, Six Flags Great Escape, L.P. d/b/a Six Flags Great Escape Lodge & Indoor Waterpark (herein "Defendant"), is a corporation duly organized and incorporated under the laws of New York with a principal place of business located at 1213 State Rt 9, Queensbury, New York 12804.

### JURISDICTION AND VENUE

3. The Plaintiff is a resident of Springfield, Hampden County, Commonwealth of Massachusetts.

4. Six Flags Great Escape, L.P. d/b/a Six Flags Great Escape Lodge & Indoor Waterpark is a foreign business incorporated in New York with a principal place of business in Queensbury, Warren County, New York.

5. This Court has subject matter jurisdiction over this case on diversity grounds pursuant to 28 U.S.C. §1332(a)(1) and (c)(1) and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

6. This Court has personal jurisdiction over this case pursuant to Rule 4(k)(1)(a) of the Federal Rules of Civil Procedure and M.G.L. Chapter 223A, §3(d).

7. Venue is proper in the United States District Court, District of Massachusetts, Western Division, pursuant to 28 U.S.C. §1391.

## STATEMENT OF FACTS

8. The Defendant is an amusement park and tourist destination widely known in the northeastern part of the United States that regularly solicits business in Massachusetts and other states through various means of advertising, derives substantial revenue from interstate commerce, and expected, or should reasonably have expected, their acts and/or omissions noted herein to have consequences in Massachusetts.

9. On July 05, 2019, Plaintiff and her family were staying at the Defendant's resort, Six Flags Great Escape Lodge & Indoor Waterpark.

10. At or around 3:30 PM on July 05, 2019, Plaintiff and her family were at the indoor water park at Six Flags Great Escape Lodge & Indoor Waterpark, known as Hurricane Harbor. All persons were legally on the premises as guests of the resort.

11. At or around 3:30 PM, Plaintiff and her family chose to leave the indoor water park and go to the outdoor waterpark.

12. Plaintiff and her family inquired with the Defendant's staff member who was tending the indoor waterslide about the best way to get to the outdoor part of the park.

13. The Defendant's staff member, who was on duty and acting on behalf of the Defendant, told the Plaintiff and her family to go out the emergency exit and cross the street.

14. After an initial objection by Plaintiff's family, the staff member reassured the Plaintiff and her family that it was acceptable and safe, and Plaintiff and her family headed through the exit.

15. Outside of the exit was a paved lot, and no walkway or stairs were withing eyesight. The paved lot and the road were separated by a small grassy incline.

16. Not able to see any sidewalk or walkway, the Plaintiff and her family walked down the grassy incline that bordered the paved area. The grassy incline was not steep and did not give rise to any concerns.

17. The grass did not seem wet, damp, or slippery, but was covered in geese feces.

18. Plaintiff and her family were at the time was wearing waterpark footwear. The Plaintiff herself was wearing sandals, which was reasonable as she was at a waterpark.

19. Plaintiff proceeded to walk down the small and shallow incline as recommended. While she was walking down the hill, she slipped and fell.

20. As Plaintiff fell, she immediately felt pain in her left ankle and noticed that it had started swelling and she could not put pressure on the ankle.

21. The Defendant sent EMTs to the scene and called an ambulance. Plaintiff was then rushed to the hospital

22. After x-rays were taken, it was revealed that Plaintiff had broken her ankle in the fall.

23. Due to her injuries, Plaintiff was prevented from earning an income as a licensed/career real estate agent in the Commonwealth of Massachusetts.

24. On or about April 28, 2021, Plaintiff and her Counsel tried to settle the matter without engaging in legal proceedings but were denied settlement.

## COUNTS

Incorporating the preceding facts and statements, Plaintiff brings the following claims against the Defendant:

## COUNT 1
## NEGLIGENCE

25. Plaintiff hereby incorporates the foregoing paragraphs of this *Complaint* as if all facts and allegations were set forth fully herein.

26. The Defendant, its employees, agents, or servants have a duty to act reasonably and use due care to protect its guests and maintain its premises, keeping them safe and free from dangerous defects or conditions.

27. The Defendant, its employees, agents, or servants breached that duty of care when it placed the Plaintiff in a dangerous situation that was exclusively under the control of the Defendant.

28. Plaintiff suffered extensive physical injuries as a result from relying on the representation of Defendant, its employees, agents, or servants and traversing on a dangerous condition under the Defendant's exclusive control.

29. The breach of duty by the Defendant was the direct and proximate cause of the Plaintiff's physical injuries, physical inconvenience, discomfort, loss of earnings, loss of enjoyment of life, mental anguish, and past, present, and future pain, suffering, and medical expenses.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount to be determined by the Court, inclusive of attorney's fees, interests and costs, in addition to any other such relief that this Court deems just and proper.

## COUNT 2
### NEGLIGENT HIRING, RETENTION, AND SUPERVISION

30. Plaintiff hereby incorporates the foregoing paragraphs of this *Complaint* as if all facts and allegations were set forth fully herein.

31. At all times material, the employees, agents, or servants were under the direction, supervision, and control of Defendant, either directly or through its agents.

32. At all times material, Defendant either directly or through its agents, negligently hired, retained and/or supervised its employees, agents, or servants.

33. Defendant had a duty to use reasonable care to hire, retain, and supervise its employees, agents, or servants that were competent and fit to perform the duties required as an employee, agent, or servant.

34. Defendant knew or should have known the failure to properly maintain the premises of an amusement and water park and failure adequately to protect and supervise the visitors and patrons at an amusement and water park would likely result in physical injuries.

35. Defendant knew or should have known the employees, agents, or servants were not competent or fit for the duties required as an employee, agent, or servant. Defendant breached its duty to use reasonable care to hire, retain, and/or supervise employees, agents, or servants that were competent and fit for the position.

36. The breach of duty by the Defendant was the direct and proximate cause of the Plaintiff's physical injuries, physical inconvenience, discomfort, loss of earnings, loss of enjoyment of life, mental anguish, and past, present, and future pain, suffering, and medical expenses.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount to be determined by the Court, inclusive of attorney's fees, interests and costs, in addition to any other such relief that this Court deems just and proper.

COUNT 3
NEGLIGENT TRAINING

37. Plaintiff hereby incorporates the foregoing paragraphs of this *Complaint* as if all facts and allegations were set forth fully herein.

38. At all times material, the employees, agents, or servants were under the direction, supervision, and control of Defendant, either directly or through its agents.

39. Defendant either directly or through its agents, negligently trained its employees, agents, or servants when Defendant knew or should have known that its failure to properly train its employees, agents, or servants could pose a threat of harm to others.

40. Despite this knowledge, Defendant either directly or through its agents, failed to use reasonable care in training its employees, agents, or servants in the proper maintenance of the premises, supervision of patrons and visitors, and ensuring the safety of patrons and visitors.

41. This breach by the Defendant was the direct and proximate cause of the Plaintiff's physical injuries, physical inconvenience, discomfort, loss of earnings, loss of enjoyment of life, mental anguish, and past, present, and future pain, suffering, and medical expenses.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount to be determined by the Court, inclusive of attorney's fees, interests and costs, in addition to any other such relief that this Court deems just and proper.

## DEMAND FOR A TRIAL BY JURY

The Plaintiff hereby demands a trial by jury on all issues so triable of each and every one of the Counts set forth above in this *Complaint*.

RESPECTFULLY SIGNED, DATED, and SUBMITTED on this 21st day of June, 2021.

_____
Anthony P. Facchini, Esq.
BBO # 567046
*Facchini & Facchini, P.C.*
824 Liberty Street
Springfield, MA 01104
Telephone (413) 746-3369
Facsimile (888) 843-7171
afacchini@facchinilawoffices.net

_____
Robert J. Rzeszutek, Esq.
BBO # 668488
*Facchini & Facchini, P.C.*
824 Liberty Street
Springfield, MA 01104
Telephone (413) 746-3369
Facsimile (888) 843-7171
rreszutek@facchinilawoffices.net